# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/16/2024 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

Cameron A. Hopkins, Esq. (SBN 163375)
LAW OFFICES OF CAMERON A. HOPKINS, APC
865 S. Figueroa Street, Suite 1388
Los Angeles, CA 90017
(213) 892-9957
(833) 830-1240 (Facsimile)
Cameron@hoplawfirm.com

Attorneys for Plaintiff,
WELLAND INDUSTRIES LLC,
a California Limited Liability Company

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| WELLAND INDUSTRIES LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>DE WELL CONTAINER SHIPPING, INC., a California Corporation; DE WELL LOGISTICS LLC, a California Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 24STCV00998<br><br>UNLIMITED CIVIL ACTION<br><br>**COMPLAINT FOR DAMAGES:**<br><br>  1. **BREACH OF CONTRACT**<br>  2. **FALSE PROMISE**<br>  3. **NEGLIGENT MISREPRESENTATION**<br>  4. **BREACH OF FIDUCIARY DUTY**<br>  5. **FRAUD (CONCEALMENT)**<br>  6. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200** |

## I.   NATURE OF ACTION

1.   In this case, Defendants, licensed United States Customs brokers and freight forwarders, filed a forged Customs Power of Attorney with United States Customs and Border Protection ("CBP") which incorrectly identified Plaintiff on US Customs entry documents as

the "Importer of Record" for wood products, principally shelving and tables imported from China for household use in the United States. Further, Defendants falsely and erroneously submitted entries to CBP which misclassified and undervalued merchandise to pay lower duties on the imported goods without notice to Plaintiff. Defendants' actions harmed Plaintiff resulting in substantial liability for additional duties and potential penalties imposed by CBP upon Plaintiff. Plaintiff has been harmed in that Plaintiff (1) is legally liable to CBP, as Importer of Record, for substantial unpaid duties and penalties caused by Defendants outright fraud in the misclassification and undervaluation of imported merchandise on more than 500 customs entries from 2016 to 2021; and (2) attorney's fees incurred, and continuing, expended to retain private customs counsel to remedy the misclassification and fraudulent valuations submitted by Defendants to CBP without Plaintiff's authorization, consent or knowledge.

## II.   JURISDICTION AND VENUE

2.     The Court has jurisdiction over the subject matter of this case and over each named defendant under California Code of Civil Procedure §395.5 because "a corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." Each of the defendants have entered into obligations with plaintiff and breached and/or otherwise injured plaintiff in the County of Los Angeles, California.

3.     Venue is proper in this judicial district under Los Angeles Superior Court, Local Rules, Chapter 2, because Defendants' place of business is located at 5553 Bandini Blvd., Unit A, Bell, California 90201.

## III.   PARTIES

4.     Plaintiff Welland Industries, LLC., is, and at all times relevant herein, has been a California Limited Liability Company ("Welland" or "Plaintiff") with its principal place of business in the city of Yorba Linda, California.

5.     Defendant De Well Container Shipping, Inc. ("De Well Container" or "Defendant"), is, and at all times relevant herein, has been a corporation registered to do business in California with a principal business address in California of 5553 Bandini Blvd., Unit A, Bell,

California 90201.

6. Defendant De Well Logistics LLC ("De Well Logistics" or "Defendant"), is, and at all times relevant herein, has been a limited liability company registered to do business in California with a principal business address in California of 5553 Bandini Blvd., Unit A, Bell, California 90201. De Well Logistics and De Well Container are collectively referred to herein as Defendants.

7. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 20, inclusive, but on information and belief allege that said Defendants are legally responsible for the Plaintiff's injuries. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

8. Plaintiff is informed and believes, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Plaintiff will seek leave to amend this Complaint if additional information material to the identity of the parties or their relationship with one another requires such amendment.

### IV.   GENERAL ALLEGATIONS

9. Plaintiff purchased wood products, principally shelving and some tables for household use from a related company in China. Plaintiff purchased and paid for the products on a landed, duty paid delivered basis ("LDP"). Plaintiff contracted with, and relied upon, Defendants to transmit accurate and correct entry documents to CBP. Because the goods purchased by Plaintiff were LDP, the seller was to be a non-resident importer and the imported goods were delivered to Plaintiff's warehouse in the United States.

10. Unbeknownst to Plaintiff or the seller, Defendants, and/or Defendants' agents, altered the invoice details on the entry documents for the imported goods, misdescribing many products and lowering the dutiable values of the goods. However, Plaintiff and seller were billed and paid the higher, or correct, duty for the imported goods.

11. In or about 2015, Plaintiff entered into an agreement with Defendants supported

by e-mail correspondence and invoices which provided that Defendants would transport and deliver goods to Plaintiff on a LDP basis. This meant, among other things, that:

- Defendants agreed to transport and import the merchandise from China to California at Plaintiff's request and instruction;

- Defendants agreed to arrange, coordinate and execute all forms of transportation and communicate with Plaintiff, as necessary and required by law, for the importation and delivery of the goods to Plaintiff or Plaintiff's agents;

- Defendants agreed to properly prepare, or cause to be properly prepared, all entries with the United States Customs and Border Protection ("CBP") into the United States, including properly classifying the goods under Harmonized Tariff Schedule of the United States ("HTSUS") and declaring the true values of the goods; and

- Defendants agreed to pay, or advance, all duties and related expenses associated with transporting, importing the merchandise through CBP and correctly bill Plaintiff for duties, related expenses, and transportation services.

12. From in or about 2015 to 2021, Defendants provided transportation, delivery and customs broker services for goods purchased by Plaintiff which were imported from China on an LDP basis. Defendants' services included the importation of the goods pursuant to a CBP Power of Attorney; however, unbeknownst to Plaintiff, Defendants filed a Power of Attorney with CBP purportedly executed by Plaintiff which designated Plaintiff as "Importer of Record" for all entries. The CBP Power of Attorney filed by Defendants with CBP which authorized Defendants to import goods purchased by Plaintiff from 2015 to 2019 and handle all aspects of entry of the goods into the US was, in fact, forged and a copy was never provided to Plaintiff.

13. Defendants failed to perform their services in accordance with the parties' agreement and as required by the law. Rather, Defendants engaged and participated in a scheme to undervalue and misclassify the imported goods which, in turn, created substantial liability for Plaintiff, the "Importer of Record," who is directly responsible to CBP for any erroneous and false statements made on Plaintiff's behalf by Defendants to CBP. Moreover, Defendants failed to notify and provide entry documents to Plaintiff on over 500 entries filed with CBP by Defendants on Plaintiff's behalf between 2015 and 2021. Defendants were legally obligated to notify Plaintiff and, moreover, provide Plaintiff with all entry documents and Defendants' failure

to comply with this vital requirement concealed from Plaintiff for years that the entries filed with CBP by Defendants consistently contained numerous erroneous and false statements.

14. Plaintiff did not become aware of the false and erroneous statements made to CBP by Defendants until March 2021 when Plaintiff was contacted by CBP regarding a particular entry. As a result, Plaintiff first discovered the scheme to defraud CBP carried out by Defendants, including the following:

- That Defendants had been filing entries with the CBP in Plaintiff's name for years without Plaintiff's authorization, consent or knowledge;

- That Defendants had filed a forged Power of Attorney, dated January 1, 2015, on behalf of Plaintiff with CBP;

- That Defendants had intentionally misled Plaintiff into believing that the entries were being made on a LDP basis so as to conceal its fraudulent scheme to undervalue and misclassify goods.

15. At a minimum, Plaintiff has suffered the following harm due to Defendants' egregious actions: (1) substantial CBP liability, including, but not limited to,: costs, unpaid duties, penalties and interest for HTSUS misclassifications and undervalued goods (based on fraudulent entries) on shipments imported under Plaintiff's name from 2015 to 2021; and (2) attorney's fees and costs associated with responding to pending CBP investigations and legal actions. Plaintiff's damages are to be determined upon proof but are no less than $1,000,000.00.

### V. FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against All Defendants)

16. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

17. In or about 2015, Plaintiff entered into a written contract, supported by written e-mails, correspondence, invoices, debit notes, payments, with Defendants wherein Defendants would transport, import and deliver goods to Plaintiff on an ongoing, "landed, duty paid delivered" or LDP basis ("Contract"). The Contract included the following terms:

- o Defendants agreed to transport and import the merchandise from China to California at Plaintiff's request and instruction;

- o Defendants agreed to arrange, coordinate and execute all forms of transportation and communicate with Plaintiff, as necessary and required by law, for the importation and delivery of the goods to Plaintiff or Plaintiff's agents;

- o Defendants agreed to comply with all relevant laws and regulations; file true and correct documents with CBP and document transactions and prepare (or cause agents to prepare) all entries so that the products would be released by the CBP into the United States without further liability to Plaintiff; and

- o Defendants agreed to pay, or advance, all duties and related expenses associated with transporting, importing the merchandise through CBP and to accurately and correctly bill Plaintiff for duties, related expenses, and transportation services.

18. Under the terms of the Contract, Defendants represented that they properly carried out their duties and obligations, as licensed Customs Brokers, to ensure the goods imported into the US and delivered to Plaintiff were accurately and correctly classified and valued as required by law.

19. Plaintiff did and/or carried out all, or substantially all, of the significant actions and duties that it was required to perform under the Contract.

20. Any and all conditions required by the Contract for Defendants' performance occurred.

21. Defendant breached the terms of the Contract by:

- o Failing to enter goods with the CBP with the non-resident seller designated as the "Importer of Record" and, instead, submitting a forged Power of Attorney in Plaintiff's name thereby exposing Plaintiff to substantial liability for improper and inaccurate CBP entries;

- o Failing to exercise reasonable due diligence to ensure that all entries with the CBP were properly prepared and accurately and correctly declared. Rather,

    - ▪ Defendants intentionally and recklessly filed entry documents which misclassified and undervalued the goods being imported into the United States without providing any notification or entry documents to Plaintiff or receiving confirmation from Plaintiff that the goods were properly classified and valued;

- Defendants, through their improper practices, caused over 500 entries to be filed with CBP on Plaintiff's behalf and imported into the US without providing Plaintiff with entry documents as required by law;

- Defendants' actions caused Plaintiff to incur substantial liability to CBP for the improper classifications and undervaluation, under HTSUS for over 500 entry shipments;

- Defendants' actions caused Plaintiff to incur substantial liability to CBP for duties and penalties, for merchandise declared and submitted by Defendants to the CBP in Plaintiff's name without Plaintiff's knowledge or authorization.

   o Failing to ensure that reasonable measures were in place, as required by law, to prevent fraud in relation to entries handled exclusively by Defendants.

22. Plaintiff has been harmed by Defendants' failure to perform under the terms of the Contract in an amount to be determined by proof but in no event less than $1,000,000.

## VI.  SECOND CAUSE OF ACTION
### FALSE PROMISE
**(Against All Defendants)**

23. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

24. Beginning in or about 2015, Defendants promises to Plaintiff that, in connection with the transportation of goods from the non-resident seller to Plaintiff, Defendants would transport, import and deliver the goods to Plaintiff on an ongoing, "landed, duty paid delivered" or LDP basis.  This meant that:

   o Defendants would properly prepare, review, and verify that all entry documents and entries submitted to CBP were accurate and correct as required by law.

   o Defendants would pay, or advance, correct, accurate duties associated with importing the merchandise through CBP.

25. From in or about 2015 through 2021, Defendants continued to make these promises and representations to Plaintiff.

26. Defendants' promises were material to Plaintiff entering into an agreement and engaging in an ongoing business relationship with Defendants and to the number of transactions conducted thereunder.

7
**COMPLAINT FOR DAMAGES**

27. Defendants did not intend to perform these promises when they made them.

28. Defendants intended that Plaintiff rely on these promises when they made them.

29. Plaintiff reasonably relied on the promises to its detriment because Plaintiff had purchased goods from a non-resident seller who it trusted and was related to Plaintiff.

30. Defendants did not perform the promised acts. Rather,

- Defendants intentionally and recklessly filed entry documents which misclassified and undervalued the goods being imported into the United States without providing any notification or entry documents to Plaintiff or receiving confirmation from Plaintiff that the goods were properly classified and valued;

- Defendants, through their improper practices, caused over 500 entries to be filed with CBP and imported into the US without providing Plaintiff with entry documents as required by law;

- Defendants' actions caused Plaintiff to incur substantial liability to CBP for improper classifications and undervaluation, under HTSUS for over 500 shipments;

- Defendants' actions caused Plaintiff to incur substantial liability to CBP for duties and penalties, for merchandise declared and submitted by Defendants to the CBP in Plaintiff's name without Plaintiff's knowledge or authorization.

- Failing to pay the proper duties to CBP for the importation of hundreds of shipments in which all aspects of entry into the US were exclusively controlled by Defendants.

31. Plaintiff has been harmed by Defendants' failure to perform as promised in an amount to be determined by proof but in no event less than $1,000,000.

32. Plaintiff's reliance on Defendants' promises was a substantial factor in causing harm to Plaintiff.

### VII. THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
### (Against All Defendant)

33. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

34. Beginning in or about 2015, Defendants represented to Plaintiff that, in

connection with the transportation of goods from the non-resident seller to Plaintiff, Defendants would transport, import and deliver the goods to Plaintiff on an ongoing, "landed, duty paid delivered" or LDP basis. This meant that:

- Defendants would properly prepare, review, and verify that all entry documents and entries submitted to CBP were accurate and correct as required by law.

- Defendants would pay, or advance, correct, accurate duties associated with importing the merchandise through CBP.

35. From in or about 2015 to 2021, Defendants continued to make these representations to Plaintiff.

36. Defendants' representations were material to Plaintiff entering into an agreement and engaging in an ongoing business relationship with Defendants and to the number of transactions conducted thereunder.

37. Defendants' representations were not true.

38. Although initially Defendants may have honestly believed that the representations were true when they undertook the duties of transportation, importation and delivery of goods to Plaintiff; at some point, Defendants knew, or should have known, in part due to Defendants' consistent failure to share entry documents with Plaintiff, that the goods it was entrusted to import were misclassified and undervalued and that the entry documents submitted by Defendants to CBP were most likely false and erroneous.

39. Plaintiff reasonably relied on Defendants' representations to its detriment because Plaintiff had purchased goods from a non-resident seller who it trusted and was related to Plaintiff.

40. Plaintiff has been harmed by Defendants' representations in an amount to be determined by proof but in no event less than $1,000,000.

41. Plaintiff's reliance on Defendants' representations was a substantial factor in causing harm to Plaintiff.

///

///

## VIII. FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
### (Against All Defendants)

42. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

43. From in or about 2015 through 2021, Defendants acted as Plaintiff's agent under a CBP Power of Attorney.

44. From in or about 2015 through 2021, Plaintiff was harmed by Defendants' breach of their fiduciary duty of loyalty owed to Plaintiff. Defendants knowingly acted <u>against</u> Plaintiff's interests by filing false and fraudulent entries with the CBP which incorrectly named Plaintiff as the "Importer of Record". Defendants acted on their own behalf, adverse to Plaintiff's interest, by charging Plaintiff for LDP costs but, in fact, defrauding Plaintiff and CBP, in Plaintiff's name, by filing false entry documents that undervalued and misclassified goods and misstated that the importer was Plaintiff when it should have been the non-resident seller of the goods, to increase Defendants' revenue.

45. Defendants' breaches of their fiduciary duties to Plaintiff are further evidenced by their numerous violations of relevant Federal Regulations that all licensed Customs Brokers must adhere to including, but not limited to,:

- ". . . a broker must not enter into any agreement with an unlicensed person to transact customs business for others in such manner that the fees or other benefits resulting from the services rendered for others inure to the benefit of the unlicensed person." 19 C.F.R. § 111.36(b).

- "Relations with a freight forwarder. A broker may compensate a freight forwarder for referring brokerage business, subject to the following conditions:
    - The importer or other party in interest is notified in advance by the forwarder or broker of the name of the broker selected by the broker for the handling of his Customs transactions;
    - The broker transmits directly to the importer or other party in interest: (i) A true copy of his brokerage charges if the fees and charges are to be collected by or through the forwarder, unless this requirement is waived in writing by the importer or other party in interest; or (ii) A statement of his brokerage charges and an itemized list of any charges to be collected for the account for the freight forwarder if the fees and charges are to be collected by or through the broker." 19 C.F.R. § 111.36(c).

- o Under 19 C.F.R. § 111.28(a), a customs broker is required to exercise "reasonable supervision and control" over every import or export transaction.

- o Under 19 C.F.R § 111.29, a customs broker must exercise due diligence in making financial settlements, in answering correspondence, and in preparing or assisting in the preparation and filing of records relating to any customs business matter handled by him as a broker.

- o Under 19 C.F.R § 111.32, a customs broker must not file or procure or assist in the filing of any claim, or of any document, affidavit, or other papers, known by such broker to be false.

- o Under 19 C.F.R § 111.39(a), a customs broker must not withhold information from a client relative to any customs business it conducts on behalf of a client who is entitled to the information. The broker must not knowingly impart to a client false information relative to any customs business.

46. Until March 2021, Plaintiff had no knowledge and was not aware of, and therefore did not give authorization or consent to Defendants' continuing fraudulent conduct.

47. Plaintiff was proximately harmed by Defendants' breaches of fiduciary duty in an amount to be determined by proof but in no event less than $1,000,000.

48. Defendants' conduct was a substantial factor in causing harm to Plaintiff.

### IX. FIFTH CAUSE OF ACTION
### FRAUD (CONCEALMENT)
### (Against All Defendants)

49. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

50. Defendants actively concealed material facts from Plaintiff related to over 500 customs entries exclusively handled and processed by Defendants, on Plaintiff's behalf, from on or about 2015 through 2021, including:

- o Defendants filed customs entries with CBP which incorrectly designated Plaintiff as "Importer of Record" without notifying Plaintiff; and

- o Defendants intentionally misclassified and/or devalued goods on entry documents filed with CBP in Plaintiff's name in order to lower duties/taxes while at the same time charged Plaintiff duty rates as if the goods were correctly classified and valued when the goods entered the US;

- o Defendants failed to obtain a written waiver of billing and failed to transmit copies of entry papers to Plaintiff at any time.

51. Plaintiff was unaware, nor could it have reasonably discovered, that Defendants had concealed material facts regarding entries until March 2021, when Plaintiff retained private customs counsel to investigate the matter after receiving a notice from CBP regarding an issue with a particular shipment.

52. Each of the named Defendants intended to deceive Plaintiff by concealing the material facts.

53. Plaintiff reasonably relied on each of Defendant's acts of deception.

54. Plaintiff was proximately harmed by the acts of concealment in an amount to be determined by proof but in no event less than $1,000,000.

55. Each of Defendant's acts of concealment was a substantial factor in causing harm to Plaintiff.

## X. SIXTH CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200
**(Against All Defendants)**

56. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

57. Each and every one of the Defendants has, and continues to, violate California Business and Professions Code §§ 17200 et. seq. (California Unfair Competition Law, the "UCL") with its unlawful practices.

58. More specifically, each of the defendants violates the "unlawful" and "unfair" prongs of the UCL because their unlawful practices violate a myriad of state and federal laws.

59. Plaintiff has been personally injured by each of the Defendant's unlawful business practices. Plaintiff is informed and believes, and thereon alleges that unless enjoined, each of the Defendants will continue to engage in the unlawful business practices described herein.

60. Plaintiff seeks an injunction prohibiting each of the Defendants from continuing with its unlawful and unfair employment practices and for any other equitable remedies available to New Chef under UCL.

## XI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants, and each of them, as follows:

1. For compensatory damages in an amount to be determined by proof but in no event less than $1,000,000;
2. For equitable and injunctive relief as appropriate under the California Business and Professions Code § 17200 et seq.;
3. For punitive damages according to proof;
4. For all appropriate pre-judgment interest;
5. For reasonable attorney's fees and costs;
6. For costs of suit incurred;
7. For other such relief as the Court deems proper.

Dated: January 12, 2024

**LAW OFFICES OF CAMERON A. HOPKINS, APC**

By *Cameron Hopkins*
Cameron A. Hopkins
Attorneys for Plaintiff,
WELLAND INDUSTRIES LLC

**DEMAND FOR JURY TRIAL**

      Plaintiff Welland Industries LLC, a California limited liability company, hereby demands a jury trial.

Dated: January 12, 2024

      **LAW OFFICES OF CAMERON A. HOPKINS, APC**

      By *Cameron Hopkins*
      Cameron A. Hopkins
      Attorneys for Plaintiff,
      WELLAND INDUSTRIES LLC